**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANTONIO MALIK AYALA, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>MICHAEL J. ASTRUE, <br>Commissioner of the Social <br>Security Administration, <br><br>　　　　　Defendant. | No. CV 10-6863 CW <br><br> ORDER OF DISMISSAL |

    For reasons stated below, this action is dismissed without prejudice for failure to prosecute and to comply with court orders.

**BACKGROUND**

    On September 21, 2010, Plaintiff Jose Antonio Malik Ayala filed the instant action, with the assistance of counsel, seeking review of Defendant's denial of disability benefits. On February 22, 2011, Plaintiff's counsel, Lawrence D. Rohlfing, filed a motion to withdraw as attorney of record because the attorney-client relationship had deteriorated "to the point where no meaningful dialogue can take

place." Specifically, Mr. Rohlfing declared that beginning in January 2001, Plaintiff failed to respond to phone calls, correspondence, and e-mails from Mr. Rohlfing's firm, completely stopped participating in the case, and failed to provide updated contact information. [Docket No. 19 and attached Declaration of Lawrence D. Rohlfing.]

On February 23, 2011, the court issued an order, which was served on Plaintiff's last known address, directing Plaintiff to file an opposition or notice of non-opposition to Mr. Rohlfing's motion on or before March 25, 2011; the court stayed all future filing deadlines in the case pending resolution of the motion. Plaintiff did not respond to the order or otherwise communicate with the court.

On March 31, 2011, the court issued a second order granting Mr. Rohlfing's motion to withdraw and substituting Plaintiff as attorney of record. The court directed Plaintiff to file a statement of his intent to proceed with the action, either through new retained counsel or pro se, on or before April 11, 2011. Plaintiff was advised that "failure to comply with this order will result in dismissal of this action without prejudice for failure to prosecute." Plaintiff did not respond to the order or otherwise communicate with the court.

**DISCUSSION**

It is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(dismissal for failure to prosecute to avoid undue delay or congestion in court calendars); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with any court order).

In deciding whether to dismiss for failure to prosecute or to

comply with court orders a court should consider five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute); Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992)(failure to comply with court orders).

In the present action, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissal.  Plaintiff has not prosecuted this action by responding to the court's orders despite being warned of the consequences of such failure.  This hinders the court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal.  A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action.  Eisen, 31 F.3d at 1452-53.  Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on the merits -- ordinarily weighs against dismissal.  However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility, despite having been instructed on his responsibilities, granted sufficient time in which to discharge them, and warned of the consequences of failure to do so.  In these

1 circumstances, the policy favoring resolution of disputes on the
2 merits does not outweigh Plaintiff's failure to obey court orders or
3 to file responsive documents within the time granted.
4   The fifth factor -- availability of less drastic sanctions --
5 also weighs in favor of dismissal.  The court cannot move the case
6 toward disposition without Plaintiff's compliance with court orders or
7 participation in this litigation.  Plaintiff has shown that he is
8 either unwilling or unable to comply with court orders by filing
9 responsive documents or otherwise cooperating in prosecuting this
10 action.  Other possible sanctions for Plaintiff's failures do not
11 reasonably appear likely to assure future compliance.
12   Under these circumstances, dismissal for failure to prosecute is
13 proper.  Such a dismissal should not be entered unless a plaintiff has
14 been notified that dismissal is imminent.  See West Coast Theater
15 Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).  Here,
16 Plaintiff was clearly warned in the court's March 31, 2011, order that
17 dismissal would result from his failure to comply with the court's
18 directions, but failed to fulfill his obligations or respond in any
19 way to the court.  Under these circumstances, dismissal is warranted.

**ORDERS**

21   Accordingly, it is ordered that this action is dismissed without
22 prejudice for failure to prosecute and failure to comply with court
23 orders.  The Clerk of the Court shall serve this Order and the
24 Judgment herein on all parties or their counsel.
25 DATED: April 14, 2011

*Carla M. Woehrle*
CARLA M. WOEHRLE
United States Magistrate Judge